UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LARRY T. SAWYER, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) )   No.  2:20-CV-264-TAV-CRW |
| KEN MILLER,<br>JAMES MOSELY,<br>EDITH HATCHER,<br>HOWARD CARLETON, and<br>MAJOR KILGORE, | ) ) ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, a federal prisoner incarcerated in Kentucky, has filed a pro se complaint for violation of U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, Plaintiff's claims against Defendant Miller will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and the remainder of this action will be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky.

**I.    FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate of the Laurel County Correctional Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §§ 1915(b)(1)(A), (B). Thereafter, the custodian of plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the previous month), but only when the monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure collection of this fee, the Clerk will be **DIRECTED** to provide a copy of this memorandum and the associated order to the custodian of inmate accounts at the Laurel County Correctional Center, the Attorney General for the state of Kentucky, and the Court's financial deputy. They shall be placed in Plaintiff's file and follow him if he is transferred to a different institution.

II.   **SCREENING**

   A.   **Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail

s

to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law.  *Braley v. City*

3

*of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.     Analysis**

Plaintiff first alleges that Defendant Ken Miller, a United States Marshal, sent Plaintiff to a medical center where he had a heart attack [Doc. 1 p. 3–4].  Plaintiff also alleges that Defendant Marshal Miller has not released Plaintiff from his incarceration under the CARES act or sent Plaintiff to a halfway house despite Plaintiff and his attorney notifying this Defendant of Plaintiff's "illness and suffering" [*Id.* at 4].  Plaintiff alleges that the remaining Defendants, all of whom are jail officials in Plaintiff's former jail in Virginia and current jail in Laurel County, Kentucky, have failed to provide him with certain medical care [*Id.* at 3–5].  As relief, Plaintiff seeks to be moved to a certain medical center or a halfway house [*Id.* at 6].

However, even if the Court assumes that Plaintiff's claim against Defendant Marshal Miller is properly within this Court's jurisdiction, Plaintiff does not have a constitutional right to be housed in a certain facility.  *Williamson v. Campbell*, 44 F. App'x 693, 695 (6th Cir. 2002) (providing that prisoners have "no constitutional right to be confined in a particular institution"); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should

4

decide where a particular prisoner should be housed.").[1] Also, Plaintiff has not set forth any other facts from which the Court can plausibly infer that Defendant Marshal Miller was personally involved in any violation of Plaintiff's constitutional rights such that this Defendant could be liable for the allegations of the complaint under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Accordingly, the complaint fails to state a claim upon which relief may be granted under §1983 as to Defendant Marshal Miller, and he will be **DISMISSED**.

The remainder of Plaintiff's claims allege that jail officials in Virginia and Kentucky have failed to provide him with certain medical care, and it is apparent that the most substantial (and most specific) of his claims are against Kentucky jail officials in the Laurel

---

[1] Moreover, while Plaintiff does not specifically seek release from his sentence in the relief portion of his complaint, to the extent that Plaintiff's complaint could be read to seek such relief based on his allegation that Defendant Marshal Miller has failed to release him early under the CARES act, Plaintiff does not have a constitutional right to early release from a valid sentence. *Hammonds v. Long*, No. 3:18-CV-00799, 2018 WL 4220703, at *2 (M.D. Tenn. Sept. 4, 2018) (noting that "inmates have no constitutional right to . . . early release from a lawfully imposed sentence") (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979)). Thus, to the extent that Plaintiff seeks early release, he must do so in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

County Correctional Facility [Doc. 1 p. 1, 3–5].  The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).

As set forth above, the most substantial events giving rise to Plaintiff's claims occurred in the Laurel County Correctional Center, which is in Laurel County, Kentucky and therefore lies within the United States District Court for the Eastern District of Kentucky.  28 U.S.C. § 97(a).  Thus, the proper venue for the remainder of this case is the United States District Court for the Eastern District of Kentucky.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

## III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and opinion and the accompany order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the state of Kentucky, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant Marshal Miller;

6. Accordingly, Defendant Marshal Miller will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Clerk will be **DIRECTED** to transfer the remainder of this action to the United States District Court for the Eastern District of Kentucky and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

                      s/ Thomas A. Varlan
                      UNITED STATES DISTRICT JUDGE